**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ARTHUR D. DEVECCHIS, | : | |
| Plaintiff, | : | Civil Action No. 18-8495 (SRC) |
| v. | : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Arthur D. Devecchis ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning February 1, 2012. A hearing was held before ALJ Nycole Watson (the "ALJ") on March 9, 2016, and the ALJ issued an unfavorable decision on October 31, 2016, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of October 31, 2016, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual

functional capacity to work at all exertional levels, with certain non-exertional limitations, particularly a limitation to simple tasks. At step four, the ALJ also found that Plaintiff did not retain the residual functional capacity to perform his past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on a number of grounds, but this Court need only reach the one that succeeds: at step four, the ALJ erred in failing to give proper weight to the treating physician evidence.

At step four, in making the residual functional capacity assessment of nonexertional limitations, the ALJ rejected every piece of medical evidence she reviewed. First, she stated:

> As previously noted, the claimant has received routine and conservative psychiatric treatment, consisting primarily of monthly 15-minute medication checks. The record shows that the claimant is stable and doing well, cognitively within normal limits. He was able to perform substantial gainful activity at a skilled occupation until he was laid off in 2012 in spite of his impairments and there is nothing in the record that suggests deterioration as stated by his psychiatrist.

(Tr. 19.) Then, this:

> As discussed at step three of the sequential evaluation, limited weight has been given to the opinions of the State agency psychological consultants who found that the claimant's impairments were not severe.

(Tr. 19.) This statement refers back to a part of the discussion at step three, in which the ALJ reviewed the opinions of the State agency psychological consultants, "who found that the claimant's mental impairments were not severe, causing only mild psychological limitations."

2

(Tr. 15.) At step three, the ALJ essentially rejected those opinions:

> However, new medical evidence has been introduced into the record since the State agency made its assessment. The subsequently submitted evidence establishes that the claimant's mental impairment are severe, thus the opinions expressed are not now supported by or consistent with the current record. Therefore, these opinions can only be given limited weight.

(Tr. 15.) Turning back to the discussion at step four, the ALJ next stated:

> In addition, little weight can be given to the unsupported check off assessment form completed by the claimant's treating psychiatrist.

(Tr. 19.) The ALJ then presented her residual functional capacity determination. As to nonexertional limitations, the ALJ found that Plaintiff was limited to simple tasks with simple instructions in a low-stress setting. (Tr. 19.)

Plaintiff, on appeal, argues that the ALJ erred by rejecting the opinion of Plaintiff's treating psychiatrist, which was contrary to Third Circuit law. This is correct. The Third Circuit has held:

> A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. Where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason. The ALJ must consider the medical findings that support a treating physician's opinion that the claimant is disabled. In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion.

Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (citations omitted). The ALJ's decision fails to follow Morales. The ALJ essentially rejected the assessment of nonexertional functional capacity of every medical source she reviewed. Although the ALJ stated at step four that she

gave the opinions of the state agency consultants "limited weight," in effect, at step three, the ALJ discredited them entirely as unsupported by the current record. This is not an inference; this is what the ALJ wrote in the decision.

Because, as to nonexertional limitations, the ALJ rejected the functional assessment of every medical expert whose opinion she reviewed, this Court inquires: on what medical evidence is the ALJ's residual functional capacity determination based? At step four, while the ALJ wrote that she gave limited weight to the opinions of the two State agency psychological consultants, she effectively undermined that assertion at step three, when she determined that, as to these consultants, "the opinions expressed are not now supported by or consistent with the current record." (Tr. 15.) This determination should reasonably have rendered those two opinions unworthy of any weight. Certainly, the ALJ did not explain how these discredited opinions could be worthy of any weight.

The ALJ thus expressly rejected every treating physician medical opinion she reviewed, and determined that the state agency consultants' opinions were not supported by the record. This leaves the Court to ask on what medical evidence the ALJ relied in determining Plaintiff's residual functional capacity? The decision does not provide a reasonable basis for crediting any of the medical opinions of record. The only possible answer is that the ALJ made speculative inferences from medical reports and arrived at her own lay opinion about what the medical evidence demonstrated. Thus, the ALJ impermissibly rejected the opinions of the treating physician without contrary medical evidence – since, to the extent that the state agency consultants could be considered to have offered contrary opinions about nonexertional limitations, the ALJ rejected them. Instead, the ALJ appears to have relied on her own lay

4

opinion of the medical evidence. This is highlighted in this statement: "there is nothing in the record that suggests deterioration as stated by his psychiatrist." (Tr. 19.) The Commissioner has pointed to no medical expert who stated that opinion. The ALJ came to these conclusions without supporting medical evidence – except to the extent that she made a lay assessment of the medical records.

The ALJ also appears to have overlooked important medical evidence. There is no discussion of treating psychiatrist Dr. Kammiel's evaluation report, dated October 28, 2015, which states, in relevant part:

> Mr. Devecchis has presented over the years with intermittent episodes of paranoia and delusional thinking. The most recent nature of his psychotic thinking has focused on thinking that numbers are giving him certain messages.
>
> Despite compliance with medication, his mental status in general has deteriorated over the past few years.

(Tr. 725.) Dr. Kammiel concluded that Plaintiff is unable to maintain employment. (Tr. 726.) Now, let us consider again the ALJ's statements quoted above:

> As previously noted, the claimant has received routine and conservative psychiatric treatment, consisting primarily of monthly 15-minute medication checks. The record shows that the claimant is stable and doing well, cognitively within normal limits. He was able to perform substantial gainful activity at a skilled occupation until he was laid off in 2012 in spite of his impairments and there is nothing in the record that suggests deterioration as stated by his psychiatrist.

(Tr. 19.) Given Dr. Kammiel's October 28, 2015 report, this assessment conflicts with the medical evidence of record. The assertion that the claimant is cognitively within normal limits is contrary to Dr. Kammiel's description of psychotic, delusional thinking.

The transcript of the hearing before the ALJ shows that Plaintiff testified as follows:

Well, I think I'm going to be the President of the United States someday, and all

5

> of this is just testing me. I watch a baseball game 1:00 maybe 2:00 at night at my house, and all the numbers of the players, like if the player is 12, it means the 12th commandment, the 11th and 12th commandment.

(Tr. 61.) In view of such testimony, this Court finds the ALJ's assertion that the record shows that Plaintiff is "cognitively within normal limits" to be unsupported by the evidence. Moreover, the ALJ's assessment appears inconsistent with the evidence that physicians have been treating Plaintiff with antipsychotic medication for many years.

The ALJ determined that, to the extent that Plaintiff has nonexertional functional limitations, these may be addressed by limiting him, generally, to simple tasks and the like. Again, this can only be based on lay opinion, since the ALJ cited no medical evidence in support.

Plaintiff is thus entirely correct that the residual functional capacity determination is not supported by substantial evidence. It is supported only by the ALJ's lay opinion, which is neither medical evidence nor substantial evidence. For this reason, this Court finds that the Commissioner's decision is not supported by substantial evidence, and the Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

                                                s/ Stanley R. Chesler
                                                STANLEY R. CHESLER, U.S.D.J.

Dated: August 13, 2019